IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | EP-12-CR-934-PRM |
| | § | |
| EDEL FERNANDO LOPEZ, | § | |
|     Defendant. | § | |

ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S MOTION TO SUPPRESS

On this day, the Court considered Defendant Edel Fernando Lopez's (Lopez) "Motion to Suppress Evidence and Statements" (ECF No. 17), filed on May 15, 2012; the United States of America's (the Government) "Response to Defendant's Motion to Suppress" (ECF No. 20), filed on May 24, 2012; and Lopez's "Memorandum in Support of Motion to Suppress and Supplemental Motion to Dismiss Indictment" [hereinafter Reply] (ECF No. 25), filed on May 31, 2012 in the above-captioned cause. After due consideration, the Court is of the opinion that the Motion should be granted in part and denied in part for the reasons that follow.

I.      FACTUAL AND PROCEDURAL BACKGROUND

Lopez is charged with violating 8 U.S.C. § 1326, a statute that imposes criminal penalties on aliens who have been previously deported and who, lacking lawful permission to do so, illegally re-enter the United States. Indictment, Apr. 25, 2012, ECF No. 9. A United States Customs and Border Patrol Officer (CBP Officer) allegedly[1] found Lopez in the United States and arrested him on March 31, 2012. Mot. 1-2. The CBP Officer was summoned to the scene where Lopez had been arrested by an El Paso County Sheriff's Deputy (Deputy). Mot. 1. For

---

[1] For the reasons described in more detail below, the Court finds that it need not hold an evidentiary hearing on this Motion. The "facts" recited herein are derived from Lopez's Motion and Reply. While Lopez did not stipulate to these facts, he provided them as "context" to his Motion. Mot. 1 n.1. The Court also provides those facts as context for its Order.

the purposes of resolving the present Motion, the Government concedes that the Deputy unlawfully detained Lopez without a warrant, probable cause, or reasonable suspicion, and therefore concedes that Lopez's Fourth Amendment rights were violated.  Resp. 3.

In his Motion, Lopez argues that he is entitled to suppression of "any statements allegedly made by [him] subsequent to his unlawful detention" and any other evidence obtained directly or indirectly" as a result of his unlawful detention.  Mot. 1.  He also seeks to exclude other evidence, including his "fingerprints and any comparisons thereof . . . and other evidence . . . , including but not limited to testimony as to his presence at a particular location."  *Id.*

## II.     LEGAL STANDARD

The Fourth Amendment guarantees that "[t]he right of the people to be secure in their persons . . . and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause."  U.S. Const. amend. IV.  If a court determines that a person's Fourth Amendment rights have been violated, the exclusionary rule provides that evidence obtained in violation of an individual's Fourth Amendment rights may be deemed "fruit of the poisonous tree" and excluded as against him at trial.  *Wong Sun v. United States*, 371 U.S. 471, 487-88 (1963).

## III.    ANALYSIS

Given the Government's concession that Lopez's Fourth Amendment rights have been violated, the primary issue before the Court is determining the scope of the evidence that must be excluded as a result of the unlawful detention.[2]  The Government aids this endeavor by

---

[2] In his Motion, Lopez requested an evidentiary hearing to resolve the Motion.  Mot. 6. However, "[e]videntiary hearings are not granted as a matter of course, but are held only when the defendant alleges sufficient facts which, if proven, would justify relief."  *United States v. Harrelson*, 705 F.2d 733, 737 (5th Cir. 1983) (citation omitted).  The Government's concession that Lopez's Fourth Amendment rights were violated obviates the need for an evidentiary

conceding that Lopez's "oral statements provided to law enforcement" should be suppressed as "fruit of the poisonous tree." Resp. 3. Accordingly, the Court will grant Lopez's Motion to the extent he seeks exclusion of the oral statements he provided to law enforcement personnel.

The Court must still determine whether Lopez's fingerprints and other physical evidence establishing his identity, as well as testimony as to his location, should also be excluded. For the reasons stated below, the Court concludes that Lopez is not entitled to exclusion of the physical evidence of his identity and that he is not entitled to exclusion of the testimony as to his location.

### A.    Evidence of Lopez's Immigration Records and Identity

The Fifth Circuit's "precedents concerning prosecution for illegal reentry hold on several grounds that immigration and deportation records are not suppressible, even if officers on the scene become aware of a defendant's immigration status by means of a constitutional violation." *United States v. Scroggins*, 599 F.3d 433, 450 (5th Cir. 2010). For example, "binding law in the [Fifth] Circuit [holds] that A-files may not be suppressed." *United States v. Herrera-Ochoa*, 245 F.3d 495, 498 n.4 (5th Cir. 2001). Accordingly, the Court will deny Lopez's Motion to the extent he seek suppression of his A-File and other immigration and deportation records.

No such bright line exists in published case law explicitly preventing the suppression of fingerprint evidence gathered as part of an illegal seizure and arrest in the illegal re-entry context. However, in *Roque-Villanueva*, the Fifth Circuit held that, "[e]ven if the [d]efendant was illegally stopped, neither his *identity* nor his INS file [is] suppressible." 175 F.3d 345, 346 (5th Cir. 1999) (emphasis added); *Scroggins*, 599 F.3d at 450 (quoting the holding in *Roque-Villanueva*). In a number of unpublished Fifth Circuit opinions, panels have acknowledged that

---

hearing in this case because there is no factual dispute that his rights were violated. Moreover, as the Court explains below, Fifth Circuit case law, not factual determinations, forecloses the relief that Lopez seeks.

"identity" includes fingerprint evidence by, for example, concluding that "even if there was a Fourth Amendment violation, this [circuit] has held that evidence of identity, such as one's fingerprints and A-file, is not suppressible." *United States v. Cervantes-Malagon*, 2012 WL 13769, at *1 (5th Cir. Jan. 4, 2012) (citing *Scroggins*, 599 F.3d at 450; *Roque-Villanueva*, 175 F.3d at 346); *United States v. Rodriguez-Castorena*, 2011 WL 856998, at *1 (5th Cir. Mar. 11, 2011) ("With respect to the fingerprints, we have previously held that identity need not be suppressed as a 'fruit of an illegal stop.'" (quoting *Roque-Villanueva*, 175 F.3d at 346)); *United States v. Alva-Barbosa*, 2009 WL 793041, at *1 (5th Cir. Mar. 26, 2009) (assuming an illegal seizure and concluding that suppression of the defendant's identity, including fingerprints gathered after the stop "is foreclosed by this court's precedent"); *United States v. Baeza-Castillo*, 2003 WL 21976487, at *1 (5th Cir. Aug. 18, 2003) ("Even assuming that [the defendant's] arrest was illegal," suppression of his fingerprints "is foreclosed by our precedent.")).

The Court is persuaded by the reasoning in the foregoing authorities that, in the context of an illegal re-entry prosecution, even fingerprint evidence gathered following a Fourth Amendment violation is not subject to suppression when that evidence is used merely to establish a defendant's identity. Accordingly, Lopez's Motion will be denied to the extent he seeks to exclude use of fingerprint evidence to establish his identity and it will be granted to the extent he seeks to exclude use of the fingerprint evidence for any other purpose.

    **B.**    **Testimony Regarding Presence at a Location**

Lopez's request to exclude "testimony as to his presence at a particular location" will also be denied. Mot. 1. When determining whether evidence should be excluded as fruit of the poisonous tree, the question for the Court to answer is "'whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by

exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint.'"  *United States v. Hernandez*, 670 F.3d 616, 620 (5th Cir. 2012) (quoting *Wong Sun v. United States*, 371 U.S. 471, 487-88 (1963)).  The Deputy's observations of Lopez that *preceded* the illegal detention could not have "been come at by the exploitation of the primary illegality" because the illegality had not yet taken place.  Accordingly, the deputy's observations that preceded the illegal detention will not be excluded.[3]

### C. Alternative Remedy of Dismissing the Indictment

In its Reply, Lopez states that he "now additionally seeks the remedy of dismissal of the indictment as a sanction for unlawful government conduct."  Reply 1.  However, Lopez fails to provide the Court with any authority in which an indictment was dismissed—much less with any authority in which an indictment was dismissed for Fourth Amendment violations similar to those in this case.  In fact, both the cases he cites determined that dismissal was not an appropriate remedy.  None of the cases that the Court has previously cited, which consider situations similar to that before the Court, support Lopez's contention.  Accordingly, the Court will not dismiss the indictment.

---

[3] Lopez raises this argument on the first page of his Motion, but does not pursue it thereafter. Further, the Motion does not explain which witnesses' testimony of Lopez's location Lopez seeks to exclude.  Moreover, the precise moment at which Lopez believes the illegality to have occurred is also not evident from his Motion.  Accordingly, the Court has limited its ruling to the only question in this matter that is clearly before it.

## IV. CONCLUSION

Despite the Government's concession that Lopez's Fourth Amendment rights have been violated, the Court follows Fifth Circuit precedent and concludes that Lopez is not entitled to suppression of all of the evidence obtained following his illegal detention.[4]

Accordingly, **IT IS ORDERED** that Defendant Edel Fernando Lopez's "Motion to Suppress Evidence and Statements" (ECF No. 17) is **GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED** that:  (1) the oral statements Lopez provided to law enforcement personnel are **EXCLUDED** as evidence in this case; and (2) the fingerprint evidence obtained from Lopez is **ADMISSIBLE ONLY** for the purpose of establishing identity.

**IT IS FURTHER ORDERED** that all other forms of relief sought in Defendant Edel Fernando Lopez's "Motion to Suppress Evidence and Statements" (ECF No. 17) and in his "Memorandum in Support of Motion to Suppress and Supplemental Motion to Dismiss Indictment" (ECF No. 25) are **DENIED.**

**SIGNED** this **15th day** of **June, 2012**.

_____
**PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE**

---

[4] Lopez acknowledges that binding Fifth Circuit authority is contrary to the relief he seeks. Reply 3-13 (arguing that Fifth Circuit case law has "misconstrued" and is "inconsistent" with various Supreme Court cases).  He asks the Court to depart from this authority to rule in his favor.  *Id.*  However, the Court must decline this entreaty because, as a district court, the Court's role is to follow Fifth Circuit authority, not to rewrite it.  *See United States v. Hernandez-Reyes*, 501 F. Supp.2d 852, 862 n.5 (W.D. Tex. 2007) (Martinez, J.) (following circuit authority and issuing a similar ruling in a similar case).  The Court's ruling should not be construed as an endorsement or criticism of the various precedents relied upon, or of the policy implications that Lopez addresses in his Motion and Reply.